IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| PATRICK JOHNSON, | : | |
| Plaintiff | : | |
| VS. | : | NO. 3:06-CV-67 (CAR) |
| CLAYTON LOWE; Gen. HICKMAN; WESLEY J. NASH, | : | |
| Defendants | : | **ORDER** |

Plaintiff **PATRICK JOHNSON**, an inmate at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. IN FORMA PAUPERIS APPLICATION*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated April 12, 2006, the Court granted plaintiff's motion to proceed *in forma pauperis*, but ordered that he pay an initial partial filing fee in the amount of $19.80. Plaintiff has paid the initial partial filing fee.

Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  A claim is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id*.

## III.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIM

Plaintiff states that on August 7, 2005, while he was incarcerated that the Madison County Jail, he awoke to find that the ceiling of his cell had leaked, and his cell was full of water.  Plaintiff states that he notified Sheriff Clayton Lowe and jail administrator Gen. Hickman.  Plaintiff alleges that although the officials ordered another inmate to mop the water up from the floor; they did not remove plaintiff from the wet cell.

Plaintiff maintains that when he left the cell and started to walk down a flight of stairs at the jail, he slipped and fell.  Plaintiff alleges he injured his head, neck, shoulder, back, and hip.  Plaintiff states that he was taken to the hospital and treated for these injuries.

Plaintiff alleges that Sheriff Clayton Lowe, Gen. Hickman and Madison County Chariperson Wesley J. Nash were all aware of the wet floor in his cell; but negligently let him remain in the cell. Plaintiff claims that his "fall [was] caused by the defendants' negligence."

A review of plaintiff's complaint reveals that, at best, plaintiff has alleged a claim of negligence against the defendants. Although a negligence claim may be sufficient to state a claim under state law, it is insufficient to establish a constitutional violation cognizable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986) (holding that negligence by prison officials, even if it results in injury to an inmate under their care, does not amount to a constitutional violation).

Therefore, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 21st day of September, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb